**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *MICHELLE MURPHY*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *ATLANTIC RECOVERY SOLUTIONS, L.L.C.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Michelle Murphy, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) In 1978, the United States Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C § 1692(a). Thus, Congress enacted The U.S. Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e).

2) Defendant Atlantic Recovery Solutions, LLC's website asserts that "Atlantic Recovery Solutions is one of the top notch recovery agencies in the industry." However, Defendant Atlantic Recovery Solutions, in fact, continues to use unfair debt collection practices and, hence, continues to violate the Fair Debt Collection Practices Act.

**Jurisdiction and Venue.**

3) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

**Parties.**

4) Plaintiff Michelle Murphy is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

5) Defendant Atlantic Recovery is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Defendant Atlantic Recovery is also a Limited Liability Company organized in the State of New York and authorized to conduct business in the State of Illinois.

**Facts.**

6) Like millions of other Americans, Michelle Murphy has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts, including a consumer debt to Carson Pirie Scott & Co. Debt collector Defendant Atlantic Recovery eventually began handling Ms. Murphy's consumer debt to Carson Pirie Scott.

7) Defendant Atlantic Recovery sent an electronic message to Ms. Murphy while she was within the Eastern Division[1]. Defendant Atlantic Recovery's electronic message:

    a) made reference to "the filing of [a] case;"
    b) listed a purported case number, and;
    c) urged Ms. Murphy have an attorney contact Defendant Atlantic Recovery or to contact Defendant Atlantic Recovery herself.

---

1 Exhibit 1 (Defendant Atlantic Recovery's text message to Michelle Murphy).

8) Defendant Atlantic Recovery's electronic message also stated that Ms. Murphy was "require[d]" to give her "immediate attention" to the "pending case."

9) Defendant Atlantic Recovery's electronic message additionally failed to disclose that the communication was from a debt collector.

10) Ms. Murphy, who is an unsophisticated consumer, believed that Defendant Atlantic Recovery filed a lawsuit against her, and she also believed that she was "require[d]" to give her "immediate attention" to the "pending case." Subsequently, Ms. Murphy arranged for an attorney to contact Defendant Atlantic Recovery.

11) Ms. Murphy's attorney spoke with Defendant Atlantic Recovery's Director of Compliance, who indicated that, in fact, Defendant Atlantic Recovery never intended to file a lawsuit against Ms. Murphy.

## Count One (15 U.S.C. § 1692e)

12) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

13) Defendant Atlantic Recovery violated Section 1692e by using deceptive and misleading representations by suggesting that Defendant Atlantic Recovery had filed a lawsuit when Defendant Atlantic Recovery referenced "the filing of [a] case," a case number, and an "attorney;" although, in fact, Defendant Atlantic Recovery never intended to file such a lawsuit against Ms. Murphy.

## Count Two (15 U.S.C. § 1692e(5))

14) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection

with the collection of any debt." Subsection 1692e(5) specifically prohibits "[t]he threat to take any action … that is not intended to be taken."

15) Defendant Atlantic Recovery violated Subsection 1692e(5) by threatening to litigate against Ms. Murphy when Defendant Atlantic Recovery referenced "the filing of [a] case," a case number, and an "attorney;" although, in fact, Defendant Atlantic Recovery never intended to litigate against Ms. Murphy.

### Count Three (15 U.S.C. § 1692e(2)(A))

16) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection 1692e(2)(A) specifically prohibits "[t]he false representation of [the ] legal status of any debt."

17) Defendant Atlantic Recovery violated Subsection 1692e(2)(A) by falsely representing that litigation had begun with respect to Ms. Murphy's debt when Defendant Atlantic Recovery referenced "the filing of [a] case," a case number, and an "attorney;" although, in fact, Defendant Atlantic Recovery never intended to litigate against Ms. Murphy.

### Count Four (15 U.S.C. § 1692e)

18) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

19) Defendant Atlantic Recovery violated Section 1692e by using false, deceptive and misleading representations by stating that Ms. Murphy was "require[d]" to give her "immediate attention" to a "pending case," when, in fact, Ms. Murphy was not required to do anything.

**Count Five (15 U.S.C. § 1692e(11))**

20) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection 1692e(11) specifically prohibits and the failure to disclose "that the communication is from a debt collector."

21) Defendant Atlantic Recovery violated Subsection 1692e(11) by failing to disclose that Defendant Atlantic Recovery's electronic communication to Ms. Murphy was from a debt collector.

**Prayer for Relief.**

WHEREFORE, Michelle Murphy respectfully requests that this Court hold a trial by jury and that this Court will enter judgment in her favor (and against Defendant Atlantic Recovery) for her actual and statutory damages, including reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,
Plaintiff's, Michelle Murphy's, Counsel
North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*
Paúl Camarena, Esq.
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494

# Exhibit 1



This text is from ARS. Michelle Murphy we have a pending case in our office that requires your immediate attention. We need to speak to you, or your attorney regarding the filing of your case. To discuss your documentation you may call us back directly at 747-999-4450, and refer to Case # 2186918.
Thank you, Atlantic Recovery Solutions

10/20/2020, 8:58 PM